Paul G. RABALAIS, Plaintiff-Appellant,

v.

DRESSER INDUSTRIES, INC.,
Defendant-Appellee.

No. 77–1272

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1978.

Alfred B. Shapiro, Alexandria, La., for plaintiff-appellant.

Richard B. Sadler, Jr., Alexandria, La., Andrew M. Kramer, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D. C., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Paul Rabalais began work for Dresser Industries in January 1975 but resigned under pressure some six months later when it was discovered that he had omitted from his employment application the fact that his military discharge was less than honorable.[1] However, his union, In-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. He was given the choice of resigning or being fired. His failure to complete the application form properly was a violation of company rules.

ternational Association of Machinists and Aerospace Workers Local 2518, convinced Dresser to rehire him as a new employee, subject to a 90-day probationary period. He was rehired on this basis in August but was fired, for reasons not disclosed in the record, in November, just within the 90-day period.

Rabalais then invoked the grievance procedures of the collective bargaining agreement, contending that the agreement provided for a 50-day probationary period, but met with no success. Neither the union nor Dresser took the matter to arbitration as provided for in the agreement, and Rabalais then brought this suit against the company. He did not sue the union, and the district court granted Dresser's motion for summary judgment on the grounds that Rabalais failed to exhaust contractual remedies and failed to allege a breach by the union of its duty of fair representation. For the reasons stated below, we affirm.

■ An employee who claims a violation by his employer of the collective bargaining agreement is bound by the terms of that agreement as to the method of enforcing his claim. *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Harris v. Chemical Leaman Tank Lines, Inc.,* 437 F.2d 167, 170 (5th Cir. 1971). Ordinarily, he must exhaust the remedies provided in that agreement, but he may bring suit without exhaustion if he can fit within one of three exceptions to this general rule. No exhaustion is necessary if: (1) the union wrongfully refuses to process the employee's grievance, thus violating its duty of fair representation, *Vaca v. Sipes, supra;* (2) the employer's conduct amounts to a repudiation of the remedial procedures specified in the contract, *id.; Boone v. Armstrong Cork Co.,* 384 F.2d 285 (5th Cir. 1967); or (3) exhaustion of contractual remedies would be futile because the aggrieved employee would have to submit his claim to a group "which is in large part chosen by the [employer and union] against whom [his] real complaint is made." *Glover v. St.*

*Louis-S.F. Ry. Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). *See generally Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870 (3d Cir. 1972).

There is no doubt that plaintiff failed to exhaust his contractual remedies. His claim was processed through three stages of the grievance procedure, and at that point either the union or the employer could have taken the matter to arbitration, the final contractual remedy. Our inquiry, then, is whether any of the three exceptions apply.

The first is inapplicable because Rabalais failed to allege that the union breached its duty of fair representation. *Lomax v. Armstrong Cork Co.,* 433 F.2d 1277 (5th Cir. 1970). Similarly, the third exception does not apply, for plaintiff did not allege futility in his complaint. Moreover, under the collective bargaining agreement, the final decision was to be made by an independent arbitrator, thus removing any possibility of the futility problem present in *Glover.*

■ Rabalais did allege, however, that the employer "refused to participate in the grievance procedure set forth" in the collective bargaining agreement. Complaint ¶ 8, Record at 2. This allegation is sufficient to put in issue repudiation by the employer, the second exception to exhaustion. The district court did not address this question in its opinion, apparently assuming that failure to allege breach of the union's representation duty bars a suit even if employer repudiation is alleged.

An allegation of breach of the fair representation duty is not required if the plaintiff is relying on another of the exceptions to the exhaustion rule. A suit based on breach of that duty focuses on bad faith or misconduct by the union in not adequately representing the employee, while a complaint based on the other two exceptions hinges either on the employer's bad faith or misconduct in ignoring the grievance procedure or the futility in following that procedure. We find the district court's error in failing to consider this issue harmless, how-

**520**

ever, because we conclude that the second exception is not applicable in this case.[2]

The employer participated in the first three stages of the grievance process. At that point neither the employer nor the union sought the final step, arbitration. Rabalais argues that there was a repudiation because the employer did not consider the claim a proper subject of a grievance. This argument, however, clearly confuses repudiation of the grievance procedure and a refusal to accept an employee's position with respect to a grievance. An employer can obviously take a stance contrary to that of the employee during the grievance process without being deemed to have repudiated that process.

AFFIRMED.

---

2. Although the district court did not address this issue in its memorandum opinion, it is clear from the record that the question was presented to the court in the defendant's initial motion for summary judgment, the plaintiff's motion for rehearing, and the defendant's response. The court denied the motion for rehearing without opinion even though the issue had been clearly presented, suggesting that the court rejected plaintiff's contentions or considered the failure to allege breach of the representation duty to be fatal.