Richard COE, Plaintiff-Appellant,

v.

The UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, and Firestone Tire and Rubber Company, Inc., Defendants-Appellees.

No. 77–2987
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1350**

Alfred N. Corriere, Albany, Ga., for plaintiff-appellant.

Thomas William Malone, Albany, Ga., Charles R. Armstrong, URW Asst. Gen. Counsel, Harley Kastner, Akron, Ohio, for the United Rubber, Etc.

Robert L. Thompson, Atlanta, Ga., Thorley C. Mills, Firestone Tire & Rubber Co., Akron, Ohio, for Firestone.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Appellant Richard Coe had been an employee of Firestone Tire and Rubber Company (Firestone) for approximately five years when he was dismissed in December 1975. During most of that time he was a member of appellee United Rubber, Cork, Linoleum and Plastic Workers of America (Union), but at the time of his dismissal he was not. He rejoined the Union after his discharge. During the fall of 1975, Firestone was investigating instances of vandalism in its plant. Information given to a Firestone security man implicated appellant and one Broerson. They and two other employees were questioned by the security man on December 3, 1975, and asked to take a lie detector test. Initially only appellant and Broerson refused to cooperate, but upon advice from the Union all four workers refused the test. On December 8, appellant and Broerson were discharged for "refusal to cooperate in an official investigation." Broerson has dismissed his appeal.

The Union filed a grievance on behalf of appellant on December 15, 1975, protesting his termination, which was denied on December 16 by Firestone. In a letter dated January 7, 1976, the Union notified Firestone of two appeals to arbitration from a denial of grievances. The notice erroneously designated appellant's grievance as number 881, when in fact it was number 681. The Union filed its demand for arbitration of Coe's grievance on February 12, 1976, this time with the proper number. Firestone indicated that the notice was not timely and the grievance was not arbitrable. On May 5, 1977, the matter was submitted to arbitration subject to Firestone's objection.

On December 3, 1976, appellant filed this suit alleging he had been wrongfully discharged by Firestone in violation of his contract of employment. He also argued the Union had breached its duty of fair representation by failing to process his grievance for wrongful discharge. Appellee's motions for summary judgment were granted by the district court on grounds that appellant had not exhausted his contractual remedy of arbitration and that the Union had not breached its duty of fair representation. Appellant now appeals these rulings.

■ For essentially the reasons assigned by the trial court, we affirm its judgment. Appellant Coe complains that the court was mistaken in its stated belief that his employer waived its initial objection to the timeliness of his grievance and asserts, on matter *dehors* the record, that the arbitrator eventually decided against him on this basis. Whether or not this be so, this issue was for the arbitrator; and Mr. Coe's suit was, pending the arbitrator's decision, properly disposed of summarily for his failure to exhaust that remedy. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965).

■ It is true that the Union may have occasioned the employer's defense of untimeliness by misnumbering Coe's claim in its notice to the employer of the appeal to arbitration. If so, this carelessness or inadvertence neither constitutes nor is evidence of that "arbitrary, discriminatory or . .

bad faith" conduct by the Union required by *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) for a breach of the Union's statutory duty of fair representation. *Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America v. Lockridge,* 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (insisting on "the . . . distinction . . . between honest, mistaken conduct [by the union] . . . and deliberate and severely hostile and irrational treatment . . .."); *Bazarte v. United Transportation Union,* 429 F.2d 868 (3 Cir. 1970) (negligence or poor judgment insufficient to base claim of unfair representation). An error in one number does not furnish so much as a scintilla of evidence to support Coe's claim of arbitrary conduct by the Union.

AFFIRMED.