Jack DLUGACH

v.

**JEFFERSON CHEMICAL COMPANY, INC.**

Civ. A. No. B–78–793–CA.

United States District Court, E. D. Texas, Beaumont Division.

Oct. 28, 1980.

Thomas F. Rugg, Provost, Umphrey, Doyle & McPherson, Port Arthur, Tex., for Jack Dlugach.

J. M. Mitchell, Raymond Hopkins, Houston, Tex., Texaco, for Jefferson Chemical Co.

## MEMORANDUM OPINION [1]

JOE J. FISHER, District Judge.

Jack Dlugach, the plaintiff in this cause, was, at various times, employed by the defendant, Jefferson Chemical Company, Inc. (Jefferson Chemical). He seeks a determination by the Court that he is a "permanent employee" of the defendant and is entitled to wages and benefits under the collective bargaining agreement between Jefferson Chemical and the International Association of Machinists and Aerospace Workers (IAMAW), Local 1792. The plaintiff seeks reinstatement and money damages equal to the difference between the wages and benefits paid to permanent employees and those he received.

The plaintiff is a resident of Port Arthur, Texas. Jefferson Chemical is a Delaware corporation having a place of business in Port Neches, Texas. The amount in controversy is in excess of $10,000. Jurisdiction is based on diversity of citizenship. This court also has jurisdiction under the Labor Management Relations Act § 301, 29 U.S.C. § 185 (1976). Venue is proper in the Eastern District of Texas as the plaintiff resides here, and all parties are subject to the jurisdiction of the Court. This cause has been submitted to the Court on stipulations.

The defendant operates a manufacturing plant in Port Neches, Texas, where it makes various types of petrochemicals. The defendant uses approximately sixteen operating units in the manufacturing process. At various times these units must be shut down for test and inspection, which is basically a maintenance program to assure that the units continue to operate properly. For at least thirty years, the defendant has hired workers on a temporary basis to assist the regular plant work force in performing the test and inspections. Temporary employees have also been hired to assist in emergency situations and to do extra work during peak work periods, but primarily they have been used for test and inspections.[2]

The plaintiff has been hired by the defendant on a number of occasions as a temporary employee, usually to work in the boilermaker classifications. The defendant informed the plaintiff on each occasion that he was being hired as a temporary employee. Jefferson Chemical's policy is not to retain any temporary employee beyond 120 calendar days from the date of hire for each employment.

The collective bargaining agreement which plaintiff seeks to enforce in this action contains a "Grievances and Disputes" provision (Section XVI), which established a procedure for the resolution of grievances over alleged violations of the agreement or disputes arising out of the application of the agreement. This grievance procedure entitles an employee to file a grievance with the employer, either individually or through the union, and, if the grievance is not resolved to the satisfaction of the employee, to demand submission of the grievance to an impartial arbitrator selected by the parties whose decision is final and binding on both parties. The plaintiff did not file a grievance with the defendant concerning his dispute as to whether he is a permanent employee of the defendant and thus entitled to the benefits the collective bargaining agreement provides for such employees. Furthermore, the IAMAW would not prosecute a grievance under the arbitration provisions of the contract on behalf of the plaintiff. There is no evidence of record as to the reason the union would not prosecute the grievance.

---

1. This Memorandum Opinion constitutes the Findings of Fact and conclusions of law as required by Rule 52, F.R.Civ.P.

2. The collective bargaining agreement between Jefferson Chemical Co. and IAMAW Local 1792 does not specifically address the right of the defendant to hire temporary employees.

Paragraph 22.2 provides the "the Company has the right to contract out work as it deems desireable . . . ." Paragraph 10.2 provides that "[d]uring test and inspection periods . . ., such additional workers outside the maintenance divisions may be temporarily assigned to maintenance work . . . ."

Plaintiff's basic complaint in this case is that he objects to the defendant's practice of terminating temporary employees before they have worked 120 calendar days from date of hire for each employment so as to "break their time," i. e., to prevent them from attaining seniority status under the collective bargaining agreement, which provides for a 120 day probationary period during which a new employee may be terminated at the discretion of the defendant.

The plaintiff further argues that the labor agreement should be construed to mean that the probationary period does not require 120 consecutive days, and that plaintiff has acquired "permanent" status under this construction. Finally, Mr. Dlugach contends that the Jefferson Chemical Company has no right under the contract to hire temporary employees.

The defendant contends that the plaintiff was aware that he was hired as a temporary employee, and knew that Jefferson Chemical could fire him for any reason, including breaking his time. Jefferson Chemical claims that the plaintiff never worked 120 consecutive days and thus never became a permanent employee. Further, the defendant claims that the labor agreement permits it to hire temporary employees.

## CONCLUSIONS OF LAW

■ The plaintiff is suing for benefits under the collective bargaining agreement between Jefferson Chemical and IAMAW. Section XVI of that agreement provides for a grievance and arbitration procedure. It is settled that an employee must first resort to the grievance and arbitration procedure in the collective bargaining agreement before suit is allowed, *see Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), unless the facts fit within one of three exceptions. *See Rabalais v. Dresser Industries, Inc.*, 566 F.2d 518 (5th Cir. 1978).

No exhaustion is necessary if (1) the union wrongfully refuses to process the employees' grievance, thus violating its duty of fair representation . . .; (2) the employer's conduct amounts to a repudiation of the remedial procedures specified in the contract . . . or; (3) exhaustion of contractual remedies would be futile because the aggrieved employee would have to submit his claim to a "group which is in large part chosen by the [employer and union] against whom [his] real complaint is made."

*Id.* at 518–19 (citations omitted) (quoting *Glover v. St. Louis–S.F. Ry. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969)).

■ There is no doubt that plaintiff has not exhausted the contractual remedies. It was stipulated that the union would not prosecute his grievance, although the record does not disclose the reasons. The arbitration provision also provides that the employee may individually submit the matter to arbitration, but the plaintiff did not.

This suit is precluded unless the plaintiff can establish that he falls within one of the three exceptions. The last two exceptions, when the employer repudiates the procedure and when exhaustion would be futile, do not apply to these facts, and the plaintiff does not argue that they do. He contends that the union breached its duty of fair representation by its failure to prosecute the grievance. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967); *Cox v. C. H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir. 1979); *Burchfield v. United Steelworkers of America*, 577 F.2d 1018 (5th Cir. 1978). The plaintiff has failed to produce any evidence to show that the IAMAW's conduct was arbitrary, discriminatory, or in bad faith.[3] The Court concludes that the

---

**3.** The defendant suggests that the IAMAW did not prosecute the grievance because it felt that

it had little merit. The defendant points out that an arbitrator denied a similar claim of an

union did not breach its duty of fair representation.

The plaintiff alleges that he should not be required to exhaust the contractual remedies because he was unaware of the grievance and arbitration provisions. It was stipulated that Jefferson Chemical does not provide temporary employees with copies of the labor agreement, and did not supply one to the plaintiff. The plaintiff cannot claim lack of knowledge of the provisions of the very contract he is seeking to enforce. Further, any argument that the contractual limitations period should be tolled due to plaintiff's lack of timely personal knowledge is one for the arbitrator to decide, for once it is decided that the dispute is covered by the arbitration agreement, procedural questions are for the arbitrator. *See John Wiley & Sons v. Livingston,* 376 U.S. 543, 555–59, 84 S.Ct. 909, 917–919, 11 L.Ed.2d 898 (1964); *Coe v. United Rubber, Cork, Linoleum and Plastic Workers of America,* 571 F.2d 1349, 1350–51 (5th Cir. 1978); *Palestine Tel. Co. v. International Union of Electrical Workers, Local 1506,* 379 F.2d 234, 240 (5th Cir. 1967). This Court further finds that the union did not breach its duty of fair representation by failing to supply the plaintiff with a copy of the collective bargaining agreement. *See Coe v. United Rubber, Cork, Linoleum and Plastic Workers of America,* 571 F.2d 1349, 1350 (5th Cir. 1978).

Since the plaintiff's suit is precluded by his failure to resort to the contractual grievance procedure, the Court finds it unnecessary to resolve the merits of the case.

employee in the Oil, Chemical and Atomic Workers Union at the plant. *See In re Jefferson Chemical Co., Inc., v. Oil, Chemical and*

*Atomic Workers International Union, Local 4-- 228* (April 24, 1974) (Exhibit No. 16).