Thomas **WILLIAMS**, Plaintiff,

v.

**MERCHANTS FAST MOTOR LINES, INC.**, Defendant.

Civ. A. No. 1:94–CV–111–C.

United States District Court, N.D. Texas, Abilene Division.

Dec. 22, 1994.

**128**

Tahira Khan Merritt, Law Office of Windle Turley, Dallas, TX, for plaintiff.

Edmund Burke Huber, Jr., Foster, Heller & Kilgore, San Antonio, TX, for defendant.

## ORDER

CUMMINGS, District Judge.

After consideration of the Defendant's Motion for Summary Judgment filed on November 17, 1994, the court is of the opinion that the motion should be **GRANTED.**

Summary judgment is only appropriate where the record reflects that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. A review of the record in this case indicates that, for the most part, the relevant facts are undisputed.

Defendant and the Union of Transportation Employees entered into a collective bargaining agreement that governs the ability of Plaintiff to recover for on-the-job injuries. This agreement provides that arbitration procedure outlined in Article 29 provides the exclusive method for settling employee grievances. Plaintiff was injured while on the job and received impairment benefits, and Defendant has paid all medical bills to date. Employee filed suit alleging negligence without exhausting these administrative remedies on the basis that attempting these remedies would be futile.

■ An employee who claims that his employer violated a collective bargaining agreement is bound by the terms of the agreement for its enforcement. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913–14, 17 L.Ed.2d 842 (1967); *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 170 (5th Cir.1971). Thus, an employee must exhaust the remedies provided in the agreement unless an exception to this rule applies. *Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518, 519 (5th Cir.1978). An employee need not exhaust administrative remedies when they would be futile, because the employee would have to submit his claim to a group which is largely chosen by the group against whom the complaint is made. *Glover v. St. Louis–S.F. Ry. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969).

■ It is uncontested that Plaintiff failed to exhaust his administrative remedies. Thus, the only question is whether this exception applies. Plaintiff merely alleges that "there is at least an even chance that the arbitrator would be chosen solely by the employer."[1] Plaintiff cites Union of Transportation Employees Agreement with Merchants Fast Motor Lines, Inc. Article 29, Section 20, for this proposition.[2]

> Section 20. The parties shall bear equally the cost of the Arbitrator. Each party, however, shall bear the cost of its own counsel, witnesses, and any copies of the transcript ordered for its own use.

This section merely describes the manner in which costs are to be borne. It has no

---

1. Plaintiff's Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 3.

2. *Id.*

correlation to the selection process. The selection of the Arbiter is controlled by Article 29, Section 13, which in part provides:

The Arbitrator shall be an attorney licensed to practice in the State of Texas and possess Board Certification for Personal Injury Trial Law, one or more years of experience with the Industrial Accident Board, or recognized expertise and specialization in the field of workers' compensation. In selecting an impartial Arbitrator, the parties shall provide a list of four candidates with the foregoing qualifications. From this panel of eight, the party shall alternately strike names until one final impartial arbitrator remains. The parties shall toss a coin to determine which party shall strike first.

Any actual selection of an arbitrator must be agreed upon by both parties. This agreement precludes any unfair effect in the selection process. The only potential risk is from the original coin toss. Any bias works equally for or against either side. Defendant neither receives an unfair advantage nor has a disproportionate amount of control over the arbitrator, because the procedure for selecting an arbitrator treats each side equally. Plaintiff has failed to demonstrate control by Defendant and that arbitration would be futile. Plaintiff's failure to exhaust his administrative remedies bars his suit.

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**