Dewey Duane BEVILLS, Plaintiff,

v.

**MERCHANTS FAST MOTOR LINES, INC., Defendant.**

Civ. A. No. 1:94–CV–133–C.

United States District Court,
N.D. Texas,
Abilene Division.

Feb. 13, 1995.

**130**

Edmund Burke Huber, Jr., Ramon Daniel Bissmeyer, Foster, Heller & Kilgore, San Antonio, TX, for defendant.

## ORDER

CUMMINGS, District Judge.

After consideration of the Defendant's Motion for Summary Judgment filed on January 9, 1995, the court is of the opinion that the motion should be **GRANTED.**

Summary judgment is appropriate only where the record reflects that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. A review of the record in this case indicates that, for the most part, the relevant facts are undisputed.

Defendant and the Union of Transportation Employees entered into a collective bargaining agreement that governs the ability of employees to recover for on-the-job injuries. This agreement provides that the arbitration procedure outlined in Article 29 provides the exclusive method for settling employee grievances. Plaintiff was injured while on the job and received impairment benefits, and Defendant has paid all medical bills to date. Employee filed suit alleging negligence without exhausting these administrative remedies on the basis that attempting these remedies would be futile and that he was not a member of the union.

■■■■ An employee who claims that his employer violated a collective bargaining agreement is bound by the terms of the agreement for its enforcement. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967); *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167, 170 (5th Cir.1971). Collective bargaining agreements govern all employees within the bargaining class, regardless of actual union membership. *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 200–01, 65 S.Ct. 226, 231–32, 89 L.Ed. 173 (1944). Thus, an employee must exhaust the remedies provided in the agreement unless an exception to this rule applies. *Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518, 519 (5th

Cir.1978). An employee need not exhaust administrative remedies when they would be futile, because the employee would have to submit his claim to a group which is largely chosen by the group against whom the complaint is made. *Glover v. St. Louis–S.F. Ry. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969).

■■■■ Article 1, Section 1, of the Collective Bargaining Agreement between Defendant and the Union of Transportation Employees clearly provides that the union is the exclusive bargaining agent for employees. Thus, Plaintiff is bound by the terms of the agreement, regardless of whether he is a union member. It is uncontested that Plaintiff failed to exhaust his administrative remedies. Thus, the only question is whether this exception applies. Plaintiff merely alleges that "there is at least an even chance that the arbitrator would be chosen solely by the employer."[1] Plaintiff cites Union of Transportation Employees Agreement with Merchants Fast Motor Lines, Inc. Article 29, Section 20, for this proposition.[2]

> *Section 20.* The parties shall bear equally the cost of the Arbitrator. Each party, however, shall bear the cost of its own counsel, witnesses, and any copies of the transcript ordered for its own use.

This section merely describes the manner in which costs are to be borne. It has no correlation to the selection process. The selection of the Arbiter is controlled by Article 29, Section 13, which in part provides:

> The Arbitrator shall be an attorney licensed to practice in the State of Texas and possess Board Certification for Personal Injury Trial Law, one or more years of experience with the Industrial Accident Board, or recognized expertise and specialization in the field of workers' compensation. In selecting an impartial Arbitrator, the parties shall provide a list of four candidates with the foregoing qualifications. From this panel of eight, the party shall alternately strike names until one final impartial arbitrator remains. The

---

**1.** Plaintiff's Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, p. 3.

**2.** *Id.*