Betty COLEMAN, Donald Bridges, Lilile Chambers, Walter Davis, Lula Nicholson, Fannie Caldwell, Laurine Trotter, Gladys Thomas, and Gergory Haywood

v.

**BLACKWELL CHEVROLET, Herrin Gear Motors and General Motors Corp.**

CIV. A. No. 3:96CV785LN.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 15, 1997.

---

Isaac K. Byrd, Jr., Suzanne Griggins Keys, Byrd & Associates, Jackson, MS, for plaintiffs.

Michael E. McWilliams, W. Scott Welch, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for defendant Blackwell Chevrolet.

C. Michael Ellingburg, Eddie J. Abdeen, Daniel, Coker, Horton & Bell, Robert W. King, King & Spencer, Jackson, MS, for defendant Herrin Gear.

William T. Siler, Jr., Wendy Moore Shelton, Phelps Dunbar, Jackson, MS, for defendant General Motors Corp.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendant General Motors Corporation (GM) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that GM's motion is well taken and should be granted for the reasons that follow.

This court has previously concluded, by memorandum opinion and order dated April 14, 1997, that each of plaintiffs' various claims, with the exception of their claim for fraud, is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. GM has now moved for summary judgment contending that because plaintiffs have failed to exhaust their remedies under the parties' collective bargaining agreement, then plaintiffs may not pursue their claims in court. GM further seeks dismissal of plaintiffs' fraud claim, which is not preempted and is not subject to the grievance process, on the basis that they have not alleged a viable claim for fraud.

In response to GM's motion, plaintiffs acknowledge that to the extent this action is governed by the collective bargaining agreement, plaintiffs would be required to at least "attempt use of the contract grievance procedure agreed upon by employer and union." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580, 583 (1965). They submit, however, that they did attempt to use the grievance procedure but were unsuccessful in their efforts because the union effectively refused to pursue a grievance for them. They conclude, therefore, that their claims are excepted from the requirement of exhaustion.

In *Vaca v. Sipes*, 386 U.S. 171, 184–85, 87 S.Ct. 903, 913–14, 17 L.Ed.2d 842 (1967), the Supreme Court identified a number of exceptions to the exhaustion requirement of § 301, including an exception for cases in which "the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Id.* at 185, 87 S.Ct. at 914. *See also Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518, 519 (5th Cir.1978) (recognizing exception to exhaustion requirement where "the union wrongfully refuses to process the employee's grievance, thus violating its duty of fair representation"). Plaintiffs argue that because they attempted to have their complaints heard via the grievance procedure set forth in the collective bargaining agreement yet the union refused to represent them and process their claims, then under *Vaca*, they are excused for having failed to exhaust the grievance procedure. If the facts were as characterized by plaintiffs in their memorandum, the court might well find plaintiffs' position sustainable. However, the affidavits adduced by plaintiffs do not fully support their position. Three of the plaintiffs have signed and submitted affidavits in which they assert that after receiving letters from GM wrongly accusing them of having violated the rules of GM's Vehicle Purchase Program and suspending them from participation in the program, they went to their union representatives, explained the situation and asked what they should do. One asserts she was told "there was nothing that the union could do to help." Another was told that "nothing could be done about it" and that she should find an attorney. And the third states that the union representative with whom she spoke said "there was nothing she could do." And each complains that they were not told that they needed to file a grievance about this matter.

While plaintiffs' proof suggests that the union representatives were not especially helpful or informative, plaintiffs' evidence does not tend to show that the union refused or declined to process grievances on behalf of the plaintiffs. In fact, as plaintiffs' affidavits make clear, none of the plaintiffs ever attempted to file a grievance or asked that a grievance be filed and pursued. Under these circumstances, the court cannot conclude that plaintiffs are excused from first exhausting their remedies under the collective bargaining agreement, i.e., from filing and pursuing grievances, as a prerequisite to seeking judicial relief. *See Janik v. Buhrke Tech Int'l*, 1997 WL 285763, Slip op. at 5 (N.D.Ill. May 22, 1997) (fact that union representative stated to employee that union could do nothing did not establish that any attempt by employee to file grievance would have been futile); *cf. Glover v. St. Louis–San Francisco Ry. Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969) (exhaustion not required where employees complained to representatives of union and called upon union to process grievance on her behalf yet union representatives refused and treated plaintiff-employees with condescension); *Woodward Iron Co. v. Ware*, 261 F.2d 138 (5th Cir.1958) (two employees excused from exhaustion where one filed grievance which union voted not to pursue). Accordingly, with the exception of plaintiffs' fraud claim, the court must dismiss each of plaintiffs' claims against GM without prejudice for their failure to exhaust.

■ As regards plaintiffs' fraud claim, the court expressed doubt in its prior opinion as to the viability of such claim since plaintiffs had not identified in their complaint any misrepresentations upon which they did or could have detrimentally relied. Echoing this theme, GM seeks summary judgment as to plaintiffs' allegation of fraud. In response to GM's motion, plaintiffs only argue cryptically that the Mississippi Supreme Court views "allegations of fraud and misrepresentation … [as being] generally inappropriate for disposition at the summary–judgment stage." *Great Southern Nat'l Bank v. McCullough Env. Servs., Inc.*, 595 So.2d 1282, 1289 (Miss.1992). Even assuming that plaintiffs had adequately set forth a claim of fraud in their complaint, plaintiffs' failure, in response to GM's motion, to identify any misrepresentation upon which they detrimentally relied dooms this claim.

■ Defendant Blackwell Chevrolet Company has filed a joinder in GM's motion for summary judgment in which it advises that if the court dismisses plaintiffs' claims against GM, then GM's cross-claim against Blackwell should be dismissed as well. GM has specifi-

cally acknowledged that its cross-claim against Blackwell ought to be dismissed if plaintiffs' claims against GM are dismissed, though GM asserts that such dismissal should be without prejudice, so that in the event plaintiffs again seek to pursue GM judicially, GM might then also be permitted to pursue its claims against Blackwell. The court agrees and finds that because Blackwell has not stated any basis for its request for dismissal of GM's cross-claim with prejudice, then such dismissal will be without prejudice.

■ In its joinder in GM's motion, Blackwell purports to concur in GM's contention that dismissal of plaintiffs' claims against GM is in order, but also argues that plaintiffs' claims against it should be dismissed as well. However, inasmuch as Blackwell has not filed or noticed a motion for summary judgment, the court does not consider Blackwell's request as being properly before the court.

Based on the foregoing, it is ordered that GM's motion for summary judgment is granted and plaintiffs' fraud claims against GM are dismissed with prejudice and their remaining claims are dismissed without prejudice. It is further ordered that GM's cross-claim against Blackwell is dismissed without prejudice.

ORDERED this 15th day of September, 1997.