IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60626
Summary Calendar
_____

BETTY COLEMAN; ET AL.,

Plaintiffs,

BETTY COLEMAN; DONALD BRIDGES;
LILLIE CHAMBERS; WALTER DAVIS;
LULA NICHOLSON; FANNIE CALDWELL;
LAURINE TROTTER; GLADYS THOMAS;
GREGORY HAYGOOD,

Plaintiffs-Appellants,

versus

BLACKWELL CHEVROLET COMPANY;
HERRIN GEAR MOTORS; GENERAL
MOTORS CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
3:96-CV-785-LN
_____

March 8, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

The appellants are employees of Packard Electric Company ("Packard"), a subsidiary of General Motors ("GM"), who allege they were unfairly disciplined by GM for actions they did not commit. They appeal two summary judgment rulings against them in their suit

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeking recovery for emotional distress caused by the actions of GM and two of GM's car dealers. Because we find no error in the district court's rulings, we affirm.

GM has a purchase discount program for its employees whereby they, and their immediate relatives, may purchase GM cars at a discount. GM discovered that Blackwell Chevrolet Company ("Blackwell") and Herrin Gear Motors ("Herrin") had been obtaining employee information to process discounts for unrelated purchasers. After investigating the dealerships, GM concluded that a number of Packard employees had been selling employee information to salesmen in the dealerships who in turn used that information to provide discounts to customers.

In response to this discovery, GM temporarily suspended the employees who had been selling the information. In addition, GM notified the employees whose employment information had been used that, because their information had been used to provide improper discounts, the employees' privileges under the discount program were revoked for two years. The letter warned of additional sanctions should the employees' information be used again. The appellants in this case are all Packard employees whose social security numbers were used to obtain discounts but who claim they had no knowledge that this activity was taking place. Understandably, the appellants were all very upset when they discovered that they were being punished and that this punishment would be placed on their employment records. They apparently

2

complained to union representatives and to GM management about their treatment to no avail. Although GM ultimately did send a letter to the appellants reinstating them into the discount program and apologizing for the inconvenience, the appellants went for several months without the benefit of the discount program.

After being reinstated to the program, the appellants sued GM, Blackwell, and Herrin in state court for damages arising out of the emotional distress they encountered due to the incident. Pursuant to a motion by GM, the case was removed to federal court. The district court granted summary judgment for GM, holding that the appellants' claims were preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). In a separate opinion, the district court granted summary judgment for Blackwell and Herrin, holding that the appellants were unable to show that the dealerships' actions were the proximate cause of the appellants' injury.

On appeal, the appellants first argue that the district court erred when it held that the appellants' claims against GM are preempted. The appellants argue that their claims fall under an exception to the LMRA because the union representatives refused to provide assistance. See Rabalais v. Dresser Indus., Inc., 566 F.2d 518, 519 (5th Cir. 1978). In Parham v. Carrier Corp., 9 F.3d 383, 390-91 (5th Cir. 1993), we noted that a disgruntled employee must do something more than simply aver that exhausting union grievance procedures would be futile. In this case, we find that the

3

appellants simply did not take the kind of action necessary to demonstrate that exhaustion would have been futile.  Although all of the appellants spoke to union officials, none of the appellants ever filed an official grievance with the union.  Furthermore, while there is affidavit testimony that union officials told the appellants that there was nothing that they could do, there is no evidence that union officials would not have processed a filed a grievance.  Like the plaintiff in Parham, the appellants' "failure even to attempt to invoke the grievance procedures available to [them], much less exhaust them," preempts their suit.  Id. at 391.  We therefore hold that the district court did not err in granting summary judgment with respect to GM.

The appellants' second argument is that the district court erred when it held that Blackwell and Herrin's actions were not the proximate cause of the appellants' injuries.  The injuries the plaintiffs suffered were "mental and emotional suffering, loss of reputation, and possible loss of employment status."  To the extent that these injuries exist, they are a direct result of GM's decision to punish all of the employees whose names were used by the dealerships.  The district court noted that the appellants maintained throughout the course of the action that GM was aware at the time it disciplined the appellants that its own investigation in no way implicated them.  Taking this allegation to be true, the district court concluded that GM's action amounted to a superseding

4

cause.  See, e.g., <u>Mississippi City Lines v. Bullock</u>, 13 So.2d 34, 36 (Miss. 1943).

Based on our review of the evidence in this case, we agree. Although employees of Blackwell and Herrin misused personal information related to the appellants, the relationship between that act and the emotional anguish suffered by the appellants is simply too attenuated to amount to proximate causation.  Had Blackwell or Herrin somehow misled GM into believing that the appellants were implicated during GM's subsequent investigation, this could be a different case.  However, in this instance, the evidence establishes that Blackwell and Herrin provided complete cooperation to GM during GM's investigation of this incident.  It is unreasonable to conclude that, after identifying the Packard employees responsible for this incident, either Blackwell or Herrin could have anticipated that GM would punish non-implicated parties. Put slightly differently, after fully cooperating with GM, there was nothing else, no higher level of care, in which either Blackwell or Herrin could have engaged that would have prevented the emotional damage inflicted on the appellants.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.