[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11913
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 99-00072-CR-CB-C-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOXLEY ROBERT FRANCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 19, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Loxley Robert Francis, a federal prisoner convicted of conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.

## I.

Francis argues that the district court erred in denying his § 3582(c)(2) motion to reduce his sentence because Amendments 591, 599, and 706 to the Sentencing Guidelines lowered his guidelines range. We review a district court's decision to deny reduction of a defendant's sentence pursuant to § 3582(c)(2) for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). We review de novo a district court's conclusions concerning the scope of its legal authority under § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Under § 3582(c)(2) a district court may not reduce the term of imprisonment of an already incarcerated defendant unless that defendant has been sentenced pursuant to a guideline range "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) proceeding "does not constitute a de novo resentencing." Moreno, 421 F.3d at 1220. In

addressing a § 3582(c)(2) motion, a district court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected;" and (2) by exercising its discretion, based on the 18 U.S.C. § 3553(a) factors, to impose a new sentence or to retain the original. U.S.S.G. § 1B1.10(b)(1); see also United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

"[A] reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment).'" United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis omitted)).

Francis was not eligible for a § 3582(c)(2) sentence reduction based on Amendments 591, 599, or 706 to the Sentencing Guidelines. Amendment 591 clarified that "in order for the enhanced penalties in § 2D1.2 to apply, the defendant [must have] been convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline." See U.S.S.G. App. C. amend. 591, "Reason for Amendment" (2003); Moreno, 421 F.3d at 1219

3

("Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury."). Section 2D1.2 of the sentencing guidelines provides heightened base offense levels for drug offenses "occurring near protected locations or involving underage or pregnant individuals." See U.S.S.G. § 2D1.2. Francis' base offense level was not increased on that basis, and therefore Amendment 591 does not apply to him.

"Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c)." United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003); see U.S.S.G. App. C, Amend. 599. Francis was not convicted under § 924(c), and therefore Amendment 599 also does not apply to him.

"Amendment 706 allows a defendant to seek a reduction in his sentence if that sentence was based on the § 2D1.1 offense level for crack cocaine offenses." United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008); see also United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) ("Effective 1 November 2007, Amendment 706 adjusted downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity

4

Table in U.S.S.G. § 2D1.1.").  Francis was sentenced to a mandatory minimum life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because he had two earlier felony drug convictions.  Since Francis' sentence was based on a statutory mandatory minimum life sentence, he is precluded from receiving a sentence reduction based on Amendment 706 because the amendment would not have lowered his guidelines range.  See Williams, 549 F.3d at 1339 ("[T]he operation of . . . [a] statutory provision such as a statutory mandatory minimum term of imprisonment would prevent Amendment 706 from hav[ing] the effect of lowering the defendant's applicable guideline range.") (internal quotation marks omitted) (third alteration in original).  Thus, the district court did not abuse its discretion in denying Francis' § 3582(c)(2) motion to reduce his sentence.

Francis also argues that the district court erred by failing to expressly mention Amendments 591 and 599 in its order denying his § 3582(c)(2) motion. Any error by the district court was harmless because those amendments did not apply to him.  See Rabalais v. Dresser Indus., Inc., 566 F.2d 518, 520 n.2 (5th Cir. 1978) (district court's failure to address exception to exhaustion requirement in its memorandum opinion was harmless because the exception did not apply).

Francis also challenges his sentence enhancement.  He contends that the district court lacked jurisdiction to enhance his sentence based on his earlier felony

5

drug convictions because the government's § 851(a)(1) information contained inaccuracies. Francis' argument is without merit. A § 3582(c)(2) proceeding "does not constitute a de novo resentencing." Moreno, 421 F.3d at 1220. As we explained in Moreno, "[s]ection 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission . . . . All original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. (internal citations and quotation marks omitted). Thus, the district court lacked the authority to reduce Francis' sentence based on any inaccuracies in the government's § 851(a)(1) information. Accordingly, we affirm.

**AFFIRMED.**