## ANGELLOZ v. RIVOLLET.

Where a party contracts with another to accompany her to this country, and to assist her in recovering an inheritance, for a certain sum to be paid out of it, and the former complies with his part of the agreement, but soon after his arrival here, and before the recovery of the inheritance, is discharged by his employer, without cause, he may demand at once, and without waiting for the recovery of the inheritance, the whole amount to which he would be entitled had he continued in her service until the expiration of the stipulated term.  C. C. 2720.

A judgment will not be reversed. and the appellee amerced in costs, for an error in calculation, to the prejudice of the appellant, of about eight dollars, where no application was made for a new trial in order to correct the error.

APPEAL from the Second District Court of New Orleans, *Canon*, J.   *Tissot*, for the plaintiff.   *L. Janin*, for the appellant.   The judgment of the court was pronounced by

KING, J.   The plaintiff claims, in this action, a sum of money, which the defendant stipulated to pay him for his services, in accompanying her from Paris to this city, and in aiding her to recover the amount of her inheritance from the succession of her deceased uncle, *C. F. Girod*.   He also claims a sum sufficient

to defray his expenses back to Europe, and damages which he has sustained by reason of an alleged violation of the contract, in dismissing him unseasonably, without cause. From a judgment rendered in favor of the plaintiff, for a part of his claim, the defendant has appealed.

The conditions of the contract entered into between the parties were, that the plaintiff should accompany the defendant to New Orleans, and aid in recovering possession of the inheritance which had devolved upon her; and, as the reward of his services, he was to receive a stipulated sum out of the succession. The defendant further undertook to bear all the expenses of the plaintiff's journey to this city and back to the place of departure, and to furnish him with boarding and lodging during his sojourn here. The evidence shows that the plaintiff was extremely attentive to his duties, and rendered promptly and cheerfully every service required of him by his employer. The defendant, however, became dissatisfied, without any sufficient cause that has been shown, and resorted to various devices to disgust the plaintiff, and induce him to abandon her service. Finally, a few weeks after her arrival in this city, she informed the plaintiff, in terms by no means complimentary, that he was incapable of rendering her such services as she needed, that he could leave if so disposed, and that she intended to pay him nothing.

The defence mainly relied upon in this court is, that the action was premature; that, by the terms of the contract, the plaintiff was only to be paid after the succession of *Girod* had been settled, and the defendant had received her share; and that, at the inception of the suit, she had received but a small portion of her inheritance, the succession being still unsettled. This defence cannot avail the defendant. By her own acts she violated and put an end to the contract without just cause, and gave the plaintiff the right, immediately upon his discharge, to exact the entire amount of his wages. He was not required to await the settlement of *Girod's* succession before enforcing it. C. C. art. 2720. *Sherburn* v. *The Orleans Cotton Press*, 15 La. 361. 8 La. 181. The judge correctly awarded to the plaintiff the sum to which he would have been entitled if he had continued in the service of the defendant until the expiration of the stipulated term, and the further sum which, under the evidence, appeared to be necessary to defray the expenses of his journey back to Paris.

It is objected that, if the sum due has been correctly determined by the district judge in francs, it has been incorrectly converted into dollars. The standard adopted by the court below was 5 francs 25 centimes to the dollar. The act of Congress, regulating the value of coins, approved June 25, 1834 (Acts, p. 36), has fixed the value of the five franc piece at ninety-three cents, and made it receivable in payment of debts at that rate. The rate adopted by the district judge makes a difference to the prejudice of the defendant of about eight dollars. We have, however, on several occasions, refused to reverse judgments and amerce parties in costs, when the only error consisted of a small sum, unless the appellant has made such error the ground of an application for a new trial, and has thus afforded the judge of the first instance an opportunity of correcting it. This error was not suggested as a ground for a new trial below. *Grailhe* v. *Hown*, 1 An. Rep. 140.                                *Judgment affirmed.*