91 So.2d 767

Wilburn BRANCH

v.

Hiram M. ALEXANDER.

No. 41888.

Dec. 10, 1956.

McIntosh, Hester & Gilfoil, Lake Providence, for defendant-appellant.

William B. Ragland, Jr., Voelker & Ragland, Lake Providence, for plaintiff-appellee.

FOURNET, Chief Justice.

The plaintiff, Wilburn Branch, instituted this suit to recover from the defendant, Hiram M. Alexander, salary allegedly due him for the months of April through December, 1953, at $180 per month as well as damage due to loss of certain fringe benefits,[1] all totaling $2,360, under the terms of a verbal contract of employment as overseer and manager of defendant's plantation, known as "Bowie" and located in East Carroll Parish, for the 1953 crop season—the said employment having begun about November 1, 1952, and having terminated because of the sale of the plantation to a third party on February 25, 1953. From a judgment of the District Court in favor of plaintiff for $1,590 representing loss of salary,[2] but rejecting his other demands, the defendant appealed; plaintiff answered the appeal, praying that the judgment of the lower court be affirmed "in all respects" and that the appellant be cast for costs in this Court as well.

Prior to the date set for argument here, plaintiff-appellee filed a motion to dismiss the appeal, urging that this Court lacks jurisdiction; he contends the record does not affirmatively show that the amount in controversy exceeds $2,000 due to the fact that on trial of the case below the plaintiff abandoned the portions of his claim based on damage from loss of the fringe benefits.

While it is true that in plaintiff's brief on the merits to the Court below there is contained the statement that plaintiff wished to abandon the claim of use of a milch cow as an item of recovery, counsel is in error in his assertion that the other two items of the so-called fringe benefits were also abandoned. In fact, in the same brief he stated: "The salary is not in dispute and, of course, the value of the home and garden is a matter for this honorable court to decide, taking into consideration the present prevailing rental values on farm manager's dwellings. Therefore, with the exception of the item claimed under the use of milch cows, counsel moves this court to grant judgment to the plaintiff * * * in the sum of $2,180 * * *." The pleadings reveal, also, that the defendant admitted he furnished a home on Bowie Plantation as a residence for plaintiff "during the time he was to be employed," though made no

1. These were "Loss of use of a home for the aforesaid nine months, valued at $40 per month. Loss of a garden spot and gardening facilities for the year 1953 valued at $200.00 per year. Loss of a milch cow for the aforesaid nine months' period valued at $20.00 per month."

2. The Court found the term of employment to have been for a period of 14 months (November, 1952, through December, 1953), for which plaintiff would have been entitled to salary totaling $2,520, of which he had drawn on his employer for sums amounting to $993, but had re-deposited to defendant's account $63, leaving an amount due of $1,590.

admission as to monetary value. Those items were disallowed in the judgment with the observation that no evidence had been introduced as to their value, and not because the claims had been abandoned. The plaintiff's motion to dismiss is therefore without merit, and it is denied.

■ Counsel for the defendant-appellant concedes, as he did in the court below, that under the provisions of Article 2749 of the LSA–Civil Code [3] and the jurisprudence of this State, plaintiff would have been entitled to his salary from the date of discharge to the end of the year 1953[4]—his services prior to the sale having been entirely satisfactory—except for the fact that there was a contract, or settlement, between the plaintiff and defendant in satisfaction of the plaintiff's right to receive the remainder of the year's salary. Counsel for plaintiff-appellee, on the other hand, denies that there was any offer and acceptance which could constitute a settlement. This is the sole question involved in the suit.

The circumstances relied on by the appellant as constituting an offer by defendant and an acceptance by plaintiff in settlement of the latter's claim for wages for the remaining months of 1953 are these: On the morning of February 25, 1953, the defendant, who resided in Osceola, Arkansas, came to Bowie and told plaintiff that the place might be sold that day, and in response to plaintiff's statement that "you kinda give me a hard, rough deal," because of the time of year and the fact that plaintiff had neither land nor machinery with which to work land, the defendant offered to sell to plaintiff a Ford tractor and equipment at a price of "$750 or $800," on terms of easy credit, with no cash payment. On the following morning the defendant returned to Bowie, told plaintiff the sale had been consummated but that plaintiff could stay on the place for thirty days and to draw his salary in advance to the 25th of March, it being understood that plaintiff was to continue to care for the cattle, some 65 head, which the defendant hoped to dispose of shortly. At the time the Ford tractor was in the repair shop; it was never thereafter in plaintiff's possession. The other farm implements mentioned in the conversation between plaintiff and defendant were left at the plantation on defendant's instructions when his trucks came down from Arkansas a few days after the sale to remove his machinery, the defendant having told his truck drivers that those pieces had been sold. The plaintiff left Bowie on March 3

---

3. "If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived." Article 2749, LSA–Civil Code.

4. It is not disputed that a "crop year" and a calendar year are the same.

without taking any farm equipment; this suit was filed on the same day.

After carefully studying the record we are convinced that it supports the trial judge's finding that "it does not appear that plaintiff released defendant from his obligation under the contract of employment, and in fact the obligation of defendant under the contract of employment was not discussed." A settlement or release of an obligation, to have legal validity, must possess the essential elements of any other contract.[5] The record is barren of proof that the parties attempted to reach an agreement touching on defendant's liability; in fact, it appears doubtful that at the time of the sale of Bowie, either party was aware of the legal obligation to pay plaintiff's salary because of the breach of the contract of employment. It would seem rather that the defendant, motivated by an impulse of fairness and a desire to assist the plaintiff, allowed him to continue to occupy the house while he was trying to get established elsewhere and permitted him to draw a month's salary in advance—at the same time expecting plaintiff, for as much of the time as he should remain at Bowie, to care for the cattle. We are impressed with defendant's straightforward explanation that "I felt obligated, it being that time of the year in the crop, * * * to help him get set

up on the job or set up for himself.". Clearly there was no agreement or settlement on the subject matter of this suit.

For the reasons assigned, the judgment appealed from is affirmed.

---

5. Pertinent here is the requirement that "As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point." Article 1798, LSA–Civil Code.