district court correctly rejected Unimobil's conversion theory.

### B. Intentional Misrepresentation

 Unimobil next argues that it has stated a cause of action for intentional misrepresentation. An allegation of intentional misrepresentation is essentially an allegation of fraud. *Altex Ready-Mixed Concrete Co. v. Employers Commercial Union Ins. Co.*, 308 So.2d 889, 892 (La.App. 1st Cir.1975). A corporate officer is, of course, responsible for his own fraudulent acts. *Fine Iron Works*, 472 So.2d at 202–03. To state a cause of action for fraud, however, requires a plaintiff to allege with particularity the defendant's acts which the plaintiff contends amount to fraud. F.R. Civ.P. 9(b); *Fine Iron Works, supra; Brown v. Chaffee*, 612 F.2d 497 (10th Cir. 1979); *Massey-Ferguson, Inc. v. Bent Equipment Co.*, 283 F.2d 12 (5th Cir.1960). Unimobil's general allegations, which do not state with particularity what representations each defendant made, do not meet this requirement. 2A Moore's Federal Practice ¶ 9.03, pp. 9–20–24 (2d ed. 1985).

### C. Fiduciary Duty and Negligence

Unimobil concedes that the contract between Unimobil and LWE does not satisfy the requirements for establishing a trust under Louisiana law; Unimobil also acknowledges that constructive trusts are not recognized in Louisiana. *Schwegmann v. Schwegmann*, 441 So.2d 316, 322–23 (La. App. 5th Cir.1983). Unimobil argues, however, that the language in the concession agreement that LWE would hold the funds as "trustee in trust" created a fiduciary duty which Spurney and Lewis breached. If any fiduciary duty is established by the contract, however, the duty is owed by LWE; Spurney and Lewis are not parties to the contract. The law is well-established in Louisiana that officers and directors owe a fiduciary duty only to a corporation and the shareholders it serves. La.R.S. 12:226(A) (1969). The district court correctly rejected Unimobil's claim predicated on breach of a fiduciary duty. *See Fine Iron Works, supra.*

Finally, Unimobil alleges that negligent misrepresentations and other negligent acts by appellees give rise to a cause of action in its favor. But Spurney and Lewis owed no duty to Unimobil for the reasons stated above and this theory must also fail. Appellant relies on *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), which holds that an officer of a corporation may be liable in tort for his personal negligence which results in bodily injury to a person. We agree with *Fine Iron Works* that *Canter* applies only to bodily injury claims and does not apply to claims arising in a commercial setting. The court in *Fine Iron Works* succinctly distinguished *Canter:*

> The public policy considerations which made the individuals liable in these cases have no application to the relationship between an officer or director of a corporation and a commercial creditor of the corporation. C.C. Art. 437 and R.S. 12:226 would be meaningless if officers and directors were said to have a personal duty to a specific creditor to have its bill paid by the corporation.

472 So.2d at 203. We conclude that Unimobil is nothing more than a creditor of LWE and as such Spurney and Lewis have no personal liability to Unimobil.

AFFIRMED.

**Quinton J. OVERMAN, Jr.,
Plaintiff-Appellee,**

v.

**FLUOR CONSTRUCTORS, INC.,
Defendant-Appellant.**

No. 85–3287.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1986.

Stephen W. Bricker, Bremner, Baber & Janis, Richmond, Va., George M. Strickler, Jr., New Orleans, La., for plaintiff-appellee.

Before WISDOM, RUBIN, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Invoking diversity jurisdiction, a discharged employee sued his employer for breach of a contract of employment that, he contended, guaranteed him employment for the duration of a construction project. The jury returned a verdict holding that, as required by Louisiana law to prevent the employment from being terminable at will, the contract was for a definite term and was not terminated by the employer for just cause. The evidence presented at trial together with all inferences that might be drawn in the plaintiff's favor establishes only that the employee was hired for as long as his services were needed, not for the duration of the construction project itself. In the absence of evidence either that his employment was for a fixed time or that it was to continue until the occurrence of a specific, readily ascertainable event, we hold that the term of employment was not sufficiently definite to establish the kind of contract required by Louisiana law, and accordingly reverse the judgment below.

### I.

Quinton J. Overman, Jr., the plaintiff, was employed by Fluor Constructors, Inc. as a quality control inspector at a construction project in Chalmette, Louisiana. The parties agree that Louisiana substantive law applies to this case because the employment contract was executed entirely in Louisiana.

Under Louisiana law a contract of employment is considered a lease of personal services terminable at the will of

G. Phillip Shuler, Chaffe, McCall, Phillips, Toler & Sarpy, Julie Livaudais Dubin, New Orleans, La., for defendant-appellant.

either party unless it is for "a certain time."[1] The Louisiana jurisprudence, as well as the federal cases applying Louisiana law, interpret the term "certain" to include not only an agreement for a stated time, but also one for a "readily ascertainable period,"[2] or for a period defined by a readily ascertainable future event.[3] Thus, there is a definite term of employment in a contract hiring an actor until the end of the current opera season,[4] an employee until a decedent's estate is acquired and distributed,[5] or an overseer for the crop season.[6] In interpreting the intention of the parties with regard to the duration of the contract, the court may consider all of the surrounding circumstances including whether the employee's actions in relocating his family make it likely that he expected employment security.[7]

Although one of our cases has stated, somewhat inadvertently, that the clearly erroneous standard applies to review of the jury's findings on these questions,[8] the correct standard for review of a jury verdict is whether there is substantial evidence to support it,[9] a criterion that gives more weight to the jury verdict than is given even to the district judge's findings of fact. In applying the substantial evidence test, the court must view the evidence in the light, and with all reasonable inferences, most favorable to the party whom the jury favored.[10]

### II.

Even applying this generous standard, however, the jury's verdict cannot be sustained. The burden of proof that his contract met the requirements of the Louisiana Civil Code was on Overman. Neither Overman nor any other witness testified that he was hired for a definite or ascertainable term. Although in one instance he testified that he understood he had been employed for the duration of the construction project, he testified that his employment was to last only until his particular services were no longer needed on the job. While employment until a construction project is completed may satisfy the requirements of employment for a definite term under Louisiana law, neither Overman nor any other witness testified that his work as a quality control inspector was to continue until the entire project was completed and accepted by the owner. At that time, a readily ascertainable event, like the end of an opera or crop season, would occur. Its precise date could not be forecast, but when it happened there would be no doubt that the construction project had ended—just as when the last crop is gathered, the harvest season has ended, and when the last curtain falls, the opera season has ended. As Yogi Berra has reminded us, operas "ain't over until the fat lady sings," and ball games don't end until the last player is put out. But when these events occur, the finale is objectively determinable.

---

1. La.Civ.Code Arts. 2747 & 2749; Comment, Lease of Personal Services in Louisiana: Breach and Damages, 23 La.L.Rev. 553 (1963).

2. *Harrosh v. Fife Bros. Health Ass'n,* 1 So.2d 323, 325 (La.App.1941) (quoting *Pitcher v. United Oil & Gas Syndicate, Inc.,* 174 La. 66, 139 So. 760, 761 (La.1932)); *Martinez v. Behring's Bearing Services, Inc.,* 501 F.2d 104, 105 (5th Cir.1974).

3. *Camp v. Baldwin-Melville Co.,* 123 La. 257, 48 So. 927 (La.1909).

4. *Id.*

5. *Angelloz v. Rivollet,* 2 La.Ann. 652 (1847).

6. *Branch v. Alexander,* 231 La. 487, 91 So.2d 767 (La.1956).

7. *Lanier v. Alenco,* 459 F.2d 689, 692 (5th Cir. 1972).

8. *Higgins v. Smith International, Inc.,* 716 F.2d 278, 284 (5th Cir.1983) (Apparently applying Fed.R.Civ.Proc. 52(a) because it cites *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (which reviewed findings of fact by a district court)).

9. *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969) (en banc).

10. *See, e.g., United States v. 329.73 Acres of Land,* 666 F.2d 281 (5th Cir.1982); *Western Hills Bowling Center, Inc. v. Hartford Fire Ins. Co.,* 412 F.2d 563 (5th Cir.1969); *see also* 5A Moore's Federal Practice ¶ 50.07[2] (1986); 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2524 (1971).

In this case, no objectively determinable end to Overman's employment could have been defined when he was hired. No single foreseeable event triggered the end of his job. He was hired to inspect the quality of welding. As the construction project progressed, the need for his services would diminish. The time when his services would no longer be needed depended on a number of factors and, ultimately, on the judgment of his supervisor. Such a flexible relationship, promising employment until one's services are no longer needed, does not establish a fixed term, and, therefore, in Louisiana at least, must be regarded as employment at will.

There is no doubt that Overman was fired before the need for quality control inspection had ended, that is, before the time that he and Fluor had anticipated his job would end. In the absence of a contract for a definite and ascertainable term, however, his early termination does not give rise to a cause of action.[11]

For these reasons, the verdict of the jury lacks substantial support in the record and the judgment of the district court is REVERSED.

---

11. *Hoover v. Livingston Bank,* 451 So.2d 3, 5 (La.App.1984); *Jackson v. East Baton Rouge*