644 So.2d 856 (1994)
Dr. Jerzy S. KOSMALA
v.
James PAUL and The Baton Rouge Symphony Association.
No. 93 CA 2117.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*857 Mark E. Falcon, Baton Rouge, for appellant, Dr. Jerzy S. Kosmala.
Gordon A. Pugh, Baton Rouge, for appellees, James Paul and The Baton Rouge Symphony Ass'n.
Before GONZALES, FOGG and PARRO, JJ.
GONZALES, Judge.

PROCEDURAL HISTORY
Dr. Jerzy S. Kosmala filed suit against the Baton Rouge Symphony Association (BRSA) and James Paul, the music director for the BRSA, on March 10, 1989, alleging that the defendants had wrongfully failed to re-engage him for the 1988-89 symphony season. Kosmala alleged that the BRSA and Mr. Paul, with full knowledge that he was out of town on an approved leave of absence, mailed his 1988-89 contract to his Baton Rouge address, knowing that he would not receive it in sufficient time to return it to the BRSA to signify his intent to return for the upcoming symphony season as required by his contract with the BRSA.
Defendants filed a declinatory exception raising the objection of lack of subject matter jurisdiction and a dilatory exception raising the objection of prematurity, based on their contention that Dr. Kosmala's complaint was subject to binding arbitration pursuant to the master contract between the BRSA and the Baton Rouge Musicians Association, Local 538. The trial court denied both exceptions, ruling that the failure of defendants to re-engage Dr. Kosmala was not based on any of the grounds set forth in the contract which mandated arbitration. Defendants then applied for supervisory writs, which were denied by this Court on January 5, 1990. Defendants then applied for supervisory and/or remedial writs to the Louisiana Supreme Court. The Louisiana Supreme Court granted the writ on March 22, 1990, 558 So.2d 577, and this matter was remanded back to this Court.
On remand, this Court upheld the trial court's denial of defendants' exceptions. 569 So.2d 158. Defendants then applied for writs to the Louisiana Supreme Court from this decision, which were denied by the Louisiana Supreme Court on January 11, 1991. Defendants thereafter answered and filed a peremptory exception raising the objection of no cause of action on March 14, 1991.
The parties then settled a portion of the case, reinstating Dr. Kosmala to the position of co-principal violist and paying his back wages. The remaining issues are: 1) whether Dr. Kosmala is entitled to nonpecuniary damages for breach of contract under La.C.C. art. 1998, and 2) whether he is entitled to recovery for intentional infliction of emotional distress. Defendants filed a motion for summary judgment on these remaining issues on March 19, 1993, which motion was granted by the trial court on July 29, 1993. Dr. Kosmala appealed and made the following assignments of error:
1. The trial court erred in interpreting La.C.C. art. 1998 to require, as a prerequisite to the receipt of nonpecuniary damages, that the nonpecuniary benefit must enure to the obligee as the result of the obligor's performance.
2. The trial court erred in finding that no genuine issue of material fact existed as to the "object" of Dr. Kosmala's contract with the BRSO.
3. The trial court erred in finding that no genuine issue of material fact existed on the issue of Dr. Kosmala's entitlement to nonpecuniary damages under La.C.C. art. 1998.
4. The trial court erred in ignoring the last paragraph of La.C.C. art. 1998 which clearly provides a cause of action for nonpecuniary damages where, regardless of the nature of the contract, the obligor intended, through his failure, to aggrieve the feelings of the obligee.
5. The trial court erred in finding that no genuine issue of material fact existed on the elements of a cause of action for intentional infliction of emotional distress.
6. The trial court erred in granting summary judgment in favor of appellees on the issue of Dr. Kosmala's claim for damages for intentional infliction of emotional distress.
*858 Generally, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982). The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).

ASSIGNMENTS OF ERROR NO. 1, 2, 3 AND 4
Louisiana Civil Code article 1998 provides as follows:
Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.
In its written reasons for judgment, the trial court states in part:
This court is of the opinion that LSA-C.C. Art. 1998 is inapplicable to plaintiff's claim of nonpecuniary loss. Under a common sense interpretation of this code article, nonpecuniary damages may only be recovered by an obligee who suffers nonpecuniary loss as a result of the nonperformance of the obligor. In other words, the nonpecuniary benefit contemplated must arise out of the performance of another. The fact that a contracting party derives a significant nonpecuniary benefit from his own performance does not entitle that party to recover for such loss if the contract is breached by the other party and he is therefore unable to perform.
Dr. Kosmala argues that the trial court erred in denying him recovery for nonpecuniary damages, citing Young v. Ford Motor Co, Inc., 595 So.2d 1123 (La.1992) as support for this argument. Dr. Kosmala contends the trial court should have focused on his (the obligee's) motive for entering the contract, citing Young as follows:
Article 1998 permits recovery of damages for nonpecuniary loss where the obligee intends to gratify interests both pecuniary and nonpecuniary or where the interest is exclusively nonpecuniary. In either situation, however, the nature of the contract (including the facts and circumstances attending its formation) must demonstrate that gratification of the nonpecuniary interest constitutes a significant interest. In this case, plaintiff was properly denied recovery for emotional distress because the evidence at trial did not indicate that a significant objective of plaintiff's in purchasing the pickup truck was gratification of a nonpecuniary interest.
595 So.2d at 1124. We note that in Young the plaintiff was not an artisan, and further, the court limited the holding to the following issue: "to determine whether the purchaser of a defective or useless vehicle which has not caused physical injury can recover damages for emotional distress." Young, 595 So.2d at 1124. Moreover, in that case, the Supreme Court affirmed the appellate court's denial of nonpecuniary damages.
As a policy matter this case has to be viewed as a contract with an artisan. The attempts to expand the coverage of damages for breach of contract in the area of nonpecuniary losses have been rebuffed by both the Louisiana Law Institute and the Louisiana legislature. To hold that an artisan whose services are engaged could secure damages *859 for nonpecuniary loss in the event of a breach of that contract is unwarranted and without precedent. Where a contract is for performance of an artistic work such as a concert given by a musician, a portrait made by a painter, or a wedding dress sewn by a seamstress, and the artisan breaches the contract, the patron has an action for nonpecuniary loss; however, the artisan does not have an action for nonpecuniary loss if the patron breaches that contract. Our holding is limited to this type of contractual setting.
The trial court was correct in finding that, as to Dr. Kosmala's claim for nonpecuniary damages, there was no genuine issue of material issue of fact and that defendants were entitled to judgment as a matter of law.

ASSIGNMENTS OF ERROR NO. 5 AND 6
In order for Dr. Kosmala to recover damages on his claim for intentional infliction of emotional distress, he must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Company, 585 So.2d 1205, 1209 (La.1991). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." White, 585 So.2d at 1209.
We find that the actions complained of by Dr. Kosmala, namely Mr. Paul's request that Dr. Kosmala resign his position with the BRSA, and the failure of the BRSA to renew Dr. Kosmala's contract, although perhaps humiliating and embarrassing to Dr. Kosmala, fall far short of meeting the criteria necessary to recover for intentional infliction of emotional distress. The trial court was correct in finding that as to intentional infliction of emotional distress, there was no issue of material fact and that defendants were entitled to judgment as a matter of law.

DECREE
For the foregoing reasons, the trial court judgment is affirmed. Dr. Kosmala is cast for all costs.
AFFIRMED.