IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30763

_____

SALLY A. MEREDITH,

Plaintiff-Appellee-Cross Appellant,

versus

LOUISIANA FEDERATION OF TEACHERS; ET AL,

Defendants,

LOUISIANA FEDERATION OF TEACHERS,

Defendant-Appellant-Cross Appellee,

ST. TAMMANY FEDERATION OF TEACHERS AND SCHOOL EMPLOYEES;
THE CHICAGO INSURANCE COMPANY,

Defendants-Appellants.

_____

Appeals from the United States District Court
For the Eastern District of Louisiana

_____

April 11, 2000

Before HIGGINBOTHAM and SMITH, Circuit Judges, and FALLON, District
Judge.[*]

HIGGINBOTHAM, Circuit Judge:

This labor and contract case presents several questions about
the relationship between two unions and a union employee. The
Louisiana Federation of Teachers ("Louisiana Federation") and St.
Tammany Federation of Teachers and School Employees ("St. Tammany
Federation") appeal from a jury verdict in favor of Sally Meredith.

---

[*]District Judge of the Eastern District of Louisiana, sitting
by designation.

We REVERSE in part and REMAND so the district court may determine a question of jurisdiction.

I.

Sally Meredith was employed as a field representative for Louisiana Federation from October 1984 to August 1991. While she was employed with Louisiana Federation, her union was United Professional Staff, which was composed solely of employees of the Louisiana Federation.

In August, 1991, Meredith took a leave of absence from her position with Louisiana Federation and worked for St. Tammany Federation as a collective bargaining representative. Her leave of absence was to last until December 31, 1991. She negotiated with Fred Skelton, President of Louisiana Federation, and Elsie Burkhalter, Vice President of Louisiana Federation and President of St. Tammany Federation, to extend her leave at St. Tammany Federation under the same terms of employment that she enjoyed at Louisiana Federation. She left Louisiana Federation to help St. Tammany Federation win a union election and remained to help negotiate contracts after the union won the election.

St. Tammany Federation terminated her employment on June 13, 1994. The collective bargaining agreement between Louisiana Federation and United Professional Staff had a three-year term and provided that covered employees could be terminated for just cause only. The St. Tammany Federation, which represents teachers in St. Tammany Parish in collective bargaining with the St. Tammany Parish

School Board, does not have a collective bargaining agreement with its staff.

On losing her position with St. Tammany Federation, Meredith attempted to obtain reinstatement to her former position or a comparable one with Louisiana Federation. Unsuccessful, she tried to invoke the grievance procedures under the collective bargaining agreement between Louisiana Federation and United Professional Staff. United Professional Staff did not respond. Louisiana Federation took the position that she no longer worked for them. Meredith also sought to appeal her termination to St. Tammany Federation, pointing to the collective bargaining agreement between Louisiana Federation and United Professional Staff. The St. Tammany Federation denied this request, asserting that that collective bargaining agreement afforded no rights to employees of St. Tammany Federation.

Meredith sued both unions, alleging breach of employment contract, violation of the Labor Management Reporting and Disclosure Act (LMRDA) for failure to give her hearings regarding her termination by St. Tammany Federation and Louisiana Federation's refusal to reinstate her, and breach of the collective bargaining agreement by Louisiana Federation.

A jury awarded Meredith $20,000 in punitive damages for violation of the LMRDA, $98,936 for breach of employment contract by Louisiana Federation and St. Tammany Federation, $5,000 in pain, suffering and mental anguish damages for bad faith breach of contract by Louisiana Federation and St. Tammany Federation, and $1

3

against Louisiana Federation for breach of the collective bargaining agreement between Louisiana Federation and United Professional Staff. Finally, the court awarded Meredith attorney's fees. The court also found that the policy issued by Chicago Insurance Company, insurer for Louisiana Federation and St. Tammany Federation, covered the judgment.

The unions appeal the award, the insurance company disputes coverage, and Meredith cross-appeals the district court's refusal to instruct the jury on non-pecuniary damages for breach of contract under Louisiana law.

## II.

Although Meredith pursued the first two steps of the grievance procedures in the collective bargaining agreement between Louisiana Federation and United Professional Staff, she did not take the third step, seeking to compel arbitration. Louisiana Federation argues that the district court lacked jurisdiction over Meredith's claim for breach of collective bargaining agreement because she did not exhaust her administrative remedies by seeking to compel arbitration.

We review *de novo* the legal question of subject matter jurisdiction.[1] Federal courts lack jurisdiction to decide cases alleging violations of a collective bargaining agreement under the Labor Management Relations Act[2] by an employee against his employer

---

[1]*See Martinez v. American Fed'n of Gov't Employees*, 980 F.2d 1039, 1041 (5th Cir. 1993).

[2]29 U.S.C. § 185.

4

unless the employee has exhausted contractual procedures for redress.[3] That rule does not bar jurisdiction when the union has wrongfully refused to process the grievance.[4] When an employer refuses to use the procedure set forth in the collective bargaining agreement, the employee need not seek to compel arbitration.[5]

In *Rabalais v. Dresser Industries*,[6] we held that an employee had not exhausted his contractual remedies by failing to seek arbitration.[7] The employer and union in *Rabalais* had examined the grievance in preceding levels of the contractual procedure and considered the grievance one not covered by the collective bargaining agreement.[8]

The district court decided that Louisiana Federation was estopped from raising the defense of non-exhaustion of remedies because it repudiated the contractual procedures when it claimed that Meredith was not covered by the collective bargaining agreement between Louisiana Federation and United Professional Staff. We agree. Unlike the employer in *Rabalais*, Louisiana Federation claimed that Meredith was not covered by the collective

---

[3]*See Vaca v. Sipes*, 386 U.S. 171, 184 (1967).

[4]*See id.* at 185-86.

[5]*See Rabalais v. Dresser Indus.*, 566 F.2d 518, 519 (5th Cir. 1978).

[6]*Id.*

[7]*See id.* at 522.

[8]*See id.*

5

bargaining agreement and did not consider her grievance.[9]  Under these circumstances, the district court properly determined that Louisiana Federation repudiated the contractual procedures.

A plaintiff must prove that the union breached its duty of fair representation to prevail in a suit against the employer for breach of a collective bargaining agreement.[10]  Louisiana Federation also argues the jury could not have found that United Professional Staff breached its duty of fair representation.[11]  Article VIII, Section C of the collective bargaining agreement between Louisiana Federation and United Professional Staff provides that members are entitled to a representative at each step in the grievance procedure.  A union may not "arbitrarily ignore or give only perfunctory review to a grievance."[12]  Since United Professional Staff ignored Meredith's grievance, a rational jury could find that

_____

[9]Although Louisiana Federation argues that it did not repudiate the grievance procedure because it believed that Meredith was no longer its employee, the union does not argue that the evidence was insufficient for the jury to find that it breached the collective bargaining agreement.  In any event, we agree with the district court that Louisiana Federation's refusal to consider Meredith's grievance constituted a repudiation of the contractual procedure.

[10]*See Thomas v. LTV Corp.*, 39 F.3d 611, 621-622 (5th Cir. 1994).

[11]United Professional Staff is no longer a defendant, since Meredith's claims against it were severed from the case and her claims against it in this suit dismissed without prejudice.  A plaintiff need not sue the union for breach of the duty of fair representation to sue the employer for breach of a collective bargaining agreement.  *See Thomas v. LTV Corp.*, 39 F.3d at 621.

[12]*Abilene Sheet Metal, Inc. v. N.L.R.B.*, 619 F.2d 332, 347 (5th Cir. 1980).

United Professional Staff breached its duty of fair representation, as the jury found here.

### III.

Meredith claimed that she had identical contracts with Louisiana Federation and St. Tammany Federation: the former was the collective bargaining agreement between Louisiana Federation and United Professional Staff and the latter an individually negotiated contract incorporating identical terms.[13]   She alleged that Louisiana Federation breached by failing to reinstate her employment and failing to process her grievance and that St. Tammany Federation breached by firing her without just cause.  Just cause is required for termination under the collective bargaining agreement between Louisiana Federation and United Professional Staff.

Under Louisiana law, employment is at-will unless it is for a definite term.[14]  When an employee is hired for a "certain time" and is terminated "without any serious cause," the employer is liable to the employee for the amount of salary due under the contract.[15]  An oral contract for more than five hundred dollars may be proved by the testimony of "one witness and other corroborating

---

[13]Meredith alleged that the unions wrongfully discharged her. A cause of action for wrongful discharge arises under Louisiana Civil Code art. 2749.  *See Andrepont v. Lake Charles Harbor and Terminal Dist.*, 602 So.2d 704, 709 (La. 1992).

[14]*See Brannan v. Wyeth Lab., Inc.*, 526 So.2d 1101, 1103 (La. 1988).

[15]*See* La. Civil Code art. 2749.

circumstances."[16]   The requirement of "one witness" may be met by the plaintiff's own testimony, and the corroborating evidence may be the fact that the plaintiff left a secure position to work for the new employer.[17]

We are persuaded that the jury's finding of a contract is supported by substantial evidence.[18]   Meredith testified that she told Burkhalter that she demanded the same terms and "rights" that she had under the collective bargaining agreement between Louisiana Federation and United Professional Staff.  She argues that this included the same three-year duration of employment and the same protection allowing termination only for cause on 30 days' notice. In addition, she left a secure position to work for St. Tammany Federation.

The unions argue that Meredith's state law breach of contract claims are preempted by § 301 of the Labor Management Relations Act[19] (LMRA), which provides a cause of action for breach of a collective bargaining agreement.  Preemption is a question of law, which we review *de novo*.[20]   The unions argue that the state law

---

[16]*See id.* art. 1846.

[17]*See Higgins v. Smith Int'l*, 716 F.2d 278, 283 n.3 (5th Cir. 1983), *disavowed on other grounds by Overman v. Fluor Constructors, Inc.*, 797 F.2d 217, 219 n.8 (5th Cir. 1986); *Lanier v. Alenco*, 459 F.2d 689, 692 (5th Cir. 1972).

[18]*See Overman v. Fluor Constructors, Inc.*, 797 F.2d 217, 219 (5th Cir. 1986).

[19]29 U.S.C. § 185.

[20]*See Baker v. Farmers Elec. Co-op, Inc.*, 34 F.3d 274, 279 (5th Cir. 1994).

8

claim is preempted because it depends on the terms of a collective bargaining agreement. When evaluation of a state law claim is "inextricably intertwined with consideration of the terms of [a] labor contract," the state law claim is preempted by federal labor contract law.[21] A state law contract claim is preempted by the LMRA when the resolution of the dispute requires the interpretation of a collective bargaining agreement.[22]

Meredith cannot base a claim for breach of employment contract under Louisiana law for breach of the collective bargaining agreement by Louisiana Federation. Since the claim is based on the breach of a collective bargaining agreement, it is preempted by the LMRA.

Meredith's contract with St. Tammany Federation included the terms of the collective bargaining agreement between Louisiana Federation and United Professional Staff. Although the individual contract between Meredith and Burkhalter incorporated the terms of that collective bargaining agreement, the contract between Meredith and St. Tammany Federation was an individually and not collectively bargained agreement. The agreement was between St. Tammany Federation and Meredith alone. When the contract is between the individual and an employer, bargained for without union representation, it is not preempted by the LMRA. We draw guidance from *Thomas v. LTV Corp.*[23] The plaintiff in *Thomas* was threatened

_____

[21]*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

[22]*See Thomas v. LTV Corp.*, 39 F.3d 611, 619 (5th Cir. 1994).

[23]39 F.3d 611 (5th Cir. 1994).

with termination for excessive absenteeism, and with the assistance of a union representative he reached an individual agreement with his employer to avoid termination under certain conditions.[24] Although this agreement was separate from his union's collective bargaining agreement, his state law claim for breach of the separate contract was preempted because his union's bargaining representation made it a collectively-bargained agreement.[25]

---

[24]*See id.* at 614-15.

[25]*See id.* at 617-18.

Meredith struck her own bargain with St. Tammany Federation. LMRA preemption would not here advance the goals of federal labor law; it would improperly tread upon the power of individuals to bargain for agreements governed by state law.

## IV.

The Louisiana Federation and St. Tammany Federation argue that they are not subject to the LMRDA because they are public sector unions.[26]  The LMRDA governs unions that deal with "employers," where "employer" does not include a government.[27]  Courts do not have subject matter jurisdiction to hear LMRDA claims against public sector unions excluded from the statute's coverage.[28]

The district court found that Louisiana Federation did not bargain solely with governments because its constitution states that membership in Louisiana Federation is open to local unions that are members of the American Federation of Teachers.  The court found that Louisiana Federation "seeks to represent" private sector

---

[26]The unions also argue that Meredith failed to properly plead a claim under the LMRDA.  Meredith maintains that she learned through discovery of an effort to oust her from the union because she posed a political threat to Burkhalter, and that she then asserted a claim under the LMRDA.  The court denied the unions' objection to including the claim, finding that the complaint provided sufficient notice of it.  We examine the pleadings and the pretrial order to determine whether an issue was available for trial.  *See Thrift v. Hubbard*, 44 F.3d 348, 355 (5th Cir. 1995). The pretrial order recites that violation of the LMRDA by any of the defendants was a contested issue of law for trial.  Since the claim was included in the pretrial order, the issue was available for trial.

[27]*See* 29 U.S.C. § 402(i).

[28]*See Martinez v. American Federation of Government Employees*, 980 F.2d 1039, 1041 (5th Cir. 1993).

11

employees.  The American Federation of Teachers represents some private sector employees, the court reasoned, so Louisiana Federation also represents private sector employees.  The district court determined that even though St. Tammany Federation is an autonomous organization with its own constitution, it is an affiliate of Louisiana Federation and the American Federation of Teachers.  This meant that although St. Tammany Federation itself bargained solely with government, it was not exempt from the LMRDA as a public sector union.

The district court's factual findings are inadequate to support subject matter jurisdiction.  If a union or any of its locals bargain with private sector employees, the union is governed by the LMRDA.[29]  In *Martinez v. American Federation of Government Employees*, the district court had dismissed the complaint because it decided that the union represented only governmental employees, although the parties stipulated that the union's locals "represented" both private and public sector employees.[30]  We reversed and remanded because the court could not determine whether any of the union's locals bargained with private employers or whether "represent" meant only that some private sector employees were members of the union.[31]

Here, the district court did not determine whether Louisiana Federation or St. Tammany Federation actually bargains with private

---

[29]*See id.* at 1040.

[30]*See id.*

[31]*See id.* at 1042.

12

sector employers.  That is the determinative question on subject matter jurisdiction over an LMRDA claim.  The district court did not reach the necessary factual conclusions to decide the jurisdictional issue.

V.

The district court awarded Meredith attorney's fees because the jury found that the defendants acted in bad faith and because the award would benefit other union members.  We review an award of attorney's fees for abuse of discretion.[32]  Attorney's fees must rest on bad faith prosecution of the case rather than bad faith in the conduct giving rise to the claim.[33]  The district court decided to award Meredith attorney's fees because the jury found that the unions' conduct that gave rise to her cause of action was in bad faith.  The court did not find that the defendants conducted the litigation in bad faith, so awarding attorney's fees on that ground was error.

The district court decided the award of attorney's fees was warranted in the alternative under the "common benefit" theory, since Meredith's ability to litigate her claims without substantial cost benefitted all union members.  Under this theory, a court may award attorney's fees when the plaintiff's "success in the litigation confers a benefit on members of an ascertainable class, and where the court's award of attorney's fees will make it

---

[32]*See Rogers v. Airline Pilots Ass'n*, 988 F.2d 607, 615 (5th Cir. 1993).

[33]*See id.* at 616.

13

possible to spread the cost of litigation over the class of beneficiaries of the suit."[34]  The court in *Guidry v. International Union of Operating Engineers, Local 406*[35] held that the common benefit theory did not justify an award of attorney's fees when "other members of the union could not have brought suit to redress the injuries of an individual union member."[36]  Meredith's injuries are unique and her litigation confers no relevant benefit on other union members.  Meredith seeks to distinguish *Guidry* on the ground that the employee in *Guidry* sued the union rather than the employer, but this distinction does not overcome the fact that no one but Meredith benefits from the award of attorney's fees in this case. The district court erred in awarding attorney's fees on this alternative ground.

## VI.

Meredith cross appeals, arguing that the district court erred in refusing to instruct the jury on a Louisiana statute that allows the recovery of nonpecuniary damages for breach of contract under some circumstances.[37]  We review the denial of a requested damages

---

[34]*Guidry v. Int'l Union of Operating Engineers, Local 406*, 882 F.2d 929, 944 (5th Cir. 1989).

[35]*Id.*

[36]*Id.*

[37]Louisiana Civil Code art. 1998 provides:

Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.

14

instruction for abuse of discretion.[38]  Meredith argues that this instruction should have been given because she entered into her employment contract for security and job satisfaction, which are nonpecuniary interests.

The Louisiana Supreme Court has interpreted the statute to provide for recovery when the object of the contract was intellectual, moral, or religious enjoyment.[39]  In the employment context, a Louisiana court denied recovery under this section when the plaintiff suffered a breach of contract for employment as an artisan, because the court found that the section provided for recovery by the patron who would receive a nonpecuniary benefit rather than the artisan who would do the work.[40]

The district court did not err in refusing to give the requested instruction.  This employment contract was not primarily for nonpecuniary benefits.

VII.

Chicago Insurance Company disputes coverage.  We review *de novo* the district court's interpretation of the contract.[41]

The district court determined that Chicago Insurance Co. was liable for the judgments against the unions and denied the

---

[38]*See Jackson v. Taylor*, 912 F.2d 795, 798 (5th Cir. 1990).

[39]*See Meador v. Toyota of Jefferson, Inc.*, 332 So.2d 433, 435 (La. 1976).

[40]*See Komsala v. Paul*, 644 So.2d 856, 858-59 (La. App. 1 Cir. 1994).

[41]*See Snug Harbor Ltd. v. Zurich Ins. Co.*, 968 F.2d 538, 541 (5th Cir. 1992).

15

company's motion to exclude coverage. The court found the policy exclusions ambiguous and construed the ambiguity in the insured's favor. The court found that no policy exclusion clearly eliminated the LMRA and LMRDA claims from coverage under the policy and that, although the policy did not cover breach of contract, the policy did not exclude "bad faith breach of contract." The court did not address whether the policy excluded liability for punitive damages, although the language of the policy explicitly does so.

The policy covers "loss" for a "Wrongful Act, Personal Injury or Publisher's Liability." The policy defines "wrongful act" to include only negligence and limits "personal injury" to slander, false arrest, wrongful detention or imprisonment, malicious prosecution, wrongful entry or eviction, or other invasion of the right of private occupancy. Chicago argues that intentional wrongs are not covered by the policy because "wrongful acts" are defined to include only negligence.

Under Louisiana law, insurance contracts are to be liberally interpreted in favor of coverage.[42] Exclusions from coverage must be unambiguous, and an ambiguity in an insurance contract will be construed against the drafter.[43] The award under the LMRDA consisted of $20,000 in punitive damages, and the district court determined that this amount was covered under the policy. However, the policy's exclusion of punitive damages from the definition of

---

[42]*See Capital Bank & Trust Co. v. Equitable Life Assurance Soc'y of U.S.*, 542 So.2d 494, 496 (La. 1989).

[43]*See, e.g., Borden, Inc. v. Howard Trucking*, 454 So.2d 1081, 1090 (La. 1983).

16

loss is unambiguous, and the trial court erred in finding the insurer liable for the punitive damages award.

The policy unambiguously excludes damages for breach of contract, and the district court erred in concluding that these damages were covered by the policy. The jury also awarded $5,000 for pain, suffering and mental anguish pursuant to its conclusion that the unions breached the employment contracts in bad faith. The district court erred in concluding that the "bad faith breach of contract" is sufficiently distinct from an action for breach of contract to render the exclusion for breach of contract ambiguous. Louisiana law enhances the liability for a breach in bad faith, creating liability for all damages resulting from the breach.[44] A bad faith breach of contract may sound in tort or contract, depending on whether the duty breached is one owed to all persons or to only to those having rights under the contract.[45] If the duty is owed only to those with contractual rights, a claim for its breach is a contract action.[46] The duties violated here arose solely from a contractual relationship. The district court erred in determining that the damages for breach of contract, including "bad faith" breach of contract, were covered by the policy since the exclusion for breach of contract is unambiguous.

---

[44]*See Barbe v. A.A. Harmon & Co.*, 705 So.2d 1210, 1221 (La. App. 4 Cir. 1998).

[45]*See Billeaud Planters, Inc. v. Union Oil Co.*, 245 F.2d 14, 19 (5th Cir. 1957).

[46]*See id.*

We find no error in the district court's conclusion that the damages of $1 for Meredith's LMRA claim are covered by the policy.

VIII.

In sum, Meredith cannot assert a breach of contract claim under state law for breach of a collective bargaining agreement by Louisiana Federation. That claim is preempted by the LMRA. The court erred in awarding Meredith attorney's fees under either the bad faith or common benefit theories. Finally, the $20,000 punitive damages award and awards of damages for breach of contract and bad faith breach of contract are unambiguously excluded from coverage by Chicago Insurance Company's policy. These rulings are REVERSED.

We must REMAND for the lack of findings in support of subject matter jurisdiction on the LMRDA claim. The district court did not determine whether the Louisiana Federation or any local of Louisiana Federation bargains with any private employer. The court did find that St. Tammany Federation did not bargain with any private employer. Since both may be public sector unions, the court may lack jurisdiction to decide the LMRDA claim.

The judgment is otherwise AFFIRMED.

Meredith's motion for sanctions against the unions for their motion to strike a portion of her record excerpts is DENIED.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions; MOTION FOR SANCTIONS DENIED.

18