**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-60314
Summary Calendar
_____


WOOLWINE FORD LINCOLN MERCURY,

Plaintiff - Counter Defendant - Appellee,


VERSUS


CONSOLIDATED FINANCIAL RESOURCES, INC.; ET AL,

Defendants

CONSOLIDATED FINANCIAL RESOURCES, INC.

Defendant - Counter Claimant - Appellant.



_____

Appeal from the United States District Court
For the Southern District of Mississippi

( 2:98-CV-148-PG )
_____
December 27, 2000


Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant    Consolidated    Financial    Resources,    Inc.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("Consolidated") appeals from the district court's final judgment enforcing a settlement agreement between Consolidated and Woolwine Ford Lincoln Mercury, Inc. ("Woolwine"). Appellant contests the court's subject matter jurisdiction to enforce the settlement agreement. This Court has jurisdiction to review the final judgment of the district court based on 28 U.S.C. § 1291.

I.

This diversity case involves a dispute over the sale of automobiles by Woolwine under a lease purchase agreement. Consolidated participated in the transaction as a broker and financier. Before the district court ruled on the merits, Woolwine and Consolidated reached a settlement. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the district court dismissed the case with prejudice on January 12, 2000. The court incorporated the settlement into its order and set out the terms and conditions of its jurisdiction to enforce the settlement agreement. The court's order stated the following,

> [T]he Court retains jurisdiction to enforce the settlement agreement, and if any party fails to consummate this settlement within twenty (20) days, any aggrieved party may reopen the case for enforcement of the settlement agreement within fifteen (15) days thereafter . . ..

The court therefore retained jurisdiction over the settlement agreement for thirty-five days.

2

On February 25, Woolwine filed a motion to enforce the settlement agreement. In its response, Consolidated erroneously stated that Woolwine's motion was filed within the court's jurisdictional time frame. At a hearing on March 15, 2000, the court concluded that it retained jurisdiction. The district court held that Consolidated stipulated that the motion was timely submitted. The court entered its final judgment for the amount set out in the settlement agreement. Counsel for Consolidated failed to appear at the hearing.

## II.

We review *de novo* the legal question of subject matter jurisdiction. *See Merideth v. Louisiana Federation of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000). "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). *See also Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994) (holding that courts must have jurisdiction independent of the original action to support enforcement of a settlement agreement). In *Kokkenen*, the Supreme Court held that a district court can retain jurisdiction over a settlement by either embodying the settlement contract in an order or expressly retaining jurisdiction to enforce the settlement. *See id*. at 381-82. This court has held that a district court retains jurisdiction

3

to enforce a settlement agreement within the terms and conditions of jurisdiction set out in its dismissal order. *See Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (concluding that the court retained jurisdiction to enforce a settlement agreement when the defendants brought their motion to enforce within the sixty-day limit set forth in the court's dismissal order).

There is no dispute that the district court's dismissal order was entered on January 12 and that Woolwine filed its motion to enforce on February 25. Pursuant to the terms and conditions set out in the court's order, either party had a maximum of thirty-five days to file a motion to enforce the settlement agreement. Woolwine's motion was filed outside the jurisdictional limits set by the court. However, Consolidated stipulated that the motion was filed within the court's jurisdictional limits. The district judge relied on this concession to assert subject matter jurisdiction over Woolwine's motion. *See* Tr. at 20.

Litigants cannot stipulate or consent to a federal court's subject matter jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Parties can, however, stipulate to facts that form the basis of subject matter jurisdiction. *See Ferguson v. Neighborhood Housing Serv. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (citing *Railway Co. v. Ramsey*, 89 U.S. 322, 22 Wall. 322 (1874)). Consolidated's erroneous statement that February 25 was within the

4

district court's jurisdiction amounted to an admission that the court retained jurisdiction over the settlement. As such, it cannot serve as the basis for the court's jurisdiction.

The district judge had discretion to set out the terms and conditions of its jurisdiction over the parties' settlement agreement. *See Kinneko*, 511 U.S. at 381. Because Woolwine filed its motion to enforce the settlement agreement outside the court's self-imposed jurisdictional limits, the district court did not have subject matter jurisdiction to grant the relief sought. We therefore vacate the trial court's final judgment.

VACATED