**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-30407

SUMMARY CALENDAR

MONTY SAWYER; RONNIE ROBERTS; JACK SMITH,

Plaintiffs-Appellees-Cross-Appellants,

VERSUS

LOCKHEED MARTIN LOGISTICS MANAGEMENT INC; ET AL,

Defendants

LOCKHEED MARTIN LOGISTICS MANAGEMENT INC

Defendant-Appellant-Cross-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana, Lake Charles

(96-CV-2853)

January 26, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendants Lockheed Martin Logistics Management and its agents appeal the district court's denial of a motion for judgment as a matter of law following a jury verdict in favor of the plaintiffs

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

on their claims of breach of employment contract. The plaintiffs also cross-appeal the district court's grant of the defendants' motion for judgment as a matter of law on the issue of future wage damages. For essentially the same reasons assigned by the district court, we affirm.

"We review de novo the district court's ruling on a motion for judgment as a matter of law." Brown v. Bryan County, OK., 219 F.3d 450, 456 (5th Cir. 2000). Judgment as a matter of law should be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In reviewing a denial of a motion, "a jury verdict 'must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary.'" Satcher v. Honda Motor Co., 52 F.3d 1311, 1316 (5th Cir. 1995)(quoting Western Co. of North America v. United States, 699 F.2d 264, 276 (5th Cir. 1983)).

"Under Louisiana law, employment is at-will unless it is for a definite term." Meredith v. LA. Fed. Of Teachers, 209 F.3d 398, 403 (5th Cir. 2000). When a "term" employee is terminated without serious cause, the employer is liable for the amount of salary due under the contract. Id. In reviewing the evidence in the light most favorable to the plaintiffs, the evidence is not so overwhelmingly in favor of the defendant that a reasonable jury

could have only arrived at a verdict for the defendant. Satcher, 52 F.3d at 1316. There is sufficient evidence to support the jury's conclusion that there was an oral modification of the employment contract, making the plaintiffs term employees for eight months or until the project was completed. See Deubler Electric Inc. v. Knockers of Louisiana, Inc., 665 So. 2d 481, 484 (La. App. 5th Cir. 1995).

As the district court correctly noted, "there is substantial evidence to support the jury's finding that Lockheed extended an offer of employment to the plaintiffs which was sufficiently precise to allow the plaintiffs to accept the terms of employment." Specifically, the plaintiffs knew they would be in Hungary for about 8 months, they would receive per diem and food allowances, they would be housed off base, they would receive a lower rate of pay, and they would work extended hours. Thus, the defendants' arguments on appeal are without merit.

We also reject the plaintiffs' arguments on cross-appeal on the issue of future wages. The plaintiffs do not dispute that had they returned to Lockheed, their employment status would have been at-will. "An at-will employee is free to quit at any time without liability to his or her employer and may be terminated at any time, for any reason or for no reason at all." Wallace, 79 F.3d at 429 (quoting Gilbert v. Tulane University, 909 F.2d 124, 125 (5th Cir. 1990)). Because the plaintiffs were at-will employees after the

termination of their term contract employment, they have no "protectable property interest." Id. at 431. "Furthermore, [the plaintiffs] had no right to continued employment with [Lockheed]. . . . [They] would still be . . . at-will employee[s]. . . . Therefore, [the plaintiffs] could not have proven that [they were] entitled to any future earnings because [they] had no guarantee of future employment." Zenor v. El Paso Healthcare System, Ltd., 176 F.3d 847, 866 (5th Cir. 1999).

Accordingly, we affirm the judgment of the district court.